UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BLANCA REYES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | Civil Action No. SA-05-CA-1095-XR |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

On this date the Court considered the United State Magistrate Judge's Report and Recommendation, filed April 4, 2006, in the above-numbered and styled case. *See* Docket No. 11. Magistrate Judge Pamela Mathy recommended that the Commissioner's denial of Plaintiff's application for supplemental security income benefits be affirmed and that Plaintiff's motion for remand be denied. This Court does not have jurisdiction under 42 U.S.C. § 405(g) to review the April 5, 2005 Administrative Law Judge's (ALJ) decision until a final determination on that decision has been made by the Appeals Council. The Court does not have jurisdiction over this case because a final determination has not been made by the Appeals Council on the April 5, 2005 ALJ decision. For the reasons discussed below, the Court DOES NOT ACCEPT the Magistrate Judge's Recommendation and REMANDS this matter to the Commissioner for further proceedings in conformance with this Order. The Clerk is instructed to close this case.

**Factual and Procedural Background**

On June 1, 1989, the Agency determined that Plaintiff was disabled due to a right arm crush injury and awarded her social security disability benefits. Tr. 30-31. The Social Security Administration (SSA) completed a Continuing Disability Review (CDR) in January 1998 and determined that Plaintiff had ceased to be "disabled" under the Act. Tr. 17, 30-61, 77-86. According to Defendant, Plaintiff failed to appear for a scheduled ALJ hearing regarding her termination of benefits case. Tr. 65-66, 69-70. Defendant alleges that Plaintiff's request for hearing was dismissed on September 18, 2000 because Plaintiff failed to appear. Tr. 17; *see* 20 C.F.R. § 416.1457(b)(l) (An ALJ may dismiss a request for a hearing if the claimant fails to appear at the time and place set for the hearing). The administrative record does not contain a Order of Dismissal of Plaintiff's request for a hearing based upon Plaintiff's failure to appear.

There is nothing in the record indicating that Plaintiff pursued her challenge to the CDR determination after September 18, 2000. Plaintiff protectively filed a new application for SSI on October 4, 2002, alleging disability due to various impairments. Tr. 166-170, 181. Plaintiffs application was denied initially and on reconsideration. Tr. 139-146, 148-150, 193. Pursuant to Plaintiffs request, a de novo hearing was held before an ALJ on March 16, 2005. Tr. 151, 263-292. Plaintiff and a vocational expert appeared and testified at the hearing. Tr. 263-292.

On April 5, 2005, the ALJ rendered a decision that Plaintiff was not disabled because she could perform other work existing in significant numbers in the national economy. Tr. 14-24. Thus, Plaintiff was not entitled to SSI. On September 9, 2005, the Appeals Council concluded that no basis existed for review of the ALJ's "September 18, 2000" decision. Tr. 5-12.

## Legal Analysis

**A.     The Court does not have jurisdiction over this case because a final determination has not been made by the Appeals Council on the April 5, 2005 ALJ decision.**

The Court finds that a question of fact exists as to whether this Court has jurisdiction over this matter. After careful consideration of the administrative record and the Magistrate's Report, the Court discovered the following:

(1)     In 2000, Reyes failed to appear for two scheduled ALJ hearings regarding an adverse ruling in her CDR for SSI disability benefits. Although the ALJ warned of possible dismissal, there is no contemporaneous indication in the administrative record that Reyes' request for a hearing was, in fact, dismissed on September 18, 2000.

(2)     An April 5, 2005, the ALJ ruled against Reyes on her 2002 re-application for disability benefits. In that ruling, the ALJ stated, without citation to any documented evidence, that "Plaintiff's request for hearing was dismissed on September 18, 2000, after she failed to show for her scheduled hearing." *See* Tr. at 17. No dismissal letter is contained in the administrative record.

(3)     Reyes timely appealed the April 5, 2005 ruling to the Appeals Council. It returned a Notice of Appeals Council Action on September 9, 2005 stating that Plaintiff's request for review of the ALJ decision dated September 18, 2000 had been denied. See Tr. at 5-7. There is no Notice of Appeals Council Action in the administrative record regarding the ALJ's decision dated April 5, 2005.

Therefore, there is a possibility that the ALJ's determination is not yet the final decision of the Commissioner. This Court does not have jurisdiction under 42 U.S.C. § 405(g) to review the April

5, 2005 ALJ decision until a final determination on that decision has been made by the Appeals Council.  The Fifth Circuit has held that this Court "has jurisdiction to review the [Commissioner's] final decision only where a claimant has exhausted his [or her] administrative remedies," and any issues not brought in a proceeding prior to the district court action may be dismissed for "want of jurisdiction."  *Paul v. Shalala*, 29 F.3d 208, 210-11 (5th Cir. 1994).

After reviewing the Magistrate Judge's Report and Recommendation, this Court ordered the parties to submit supplemental briefing on the jurisdictional issue.   When it submitted its brief, Defendant attached an Order of Dismissal dated September 18, 2000.  This Order is not contained in the administrative record submitted to this Court, and there is no explanation as to why it was not produced earlier.  In this Order, the ALJ dismissed the request for a hearing that Plaintiff made on October 1, 1999 because Plaintiff failed to appear.  Defendant also attached the Declaration of John J. Timlin, Acting Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration.  Timlin stated the following:

> On December 20, 2005 a transcript was prepared and submitted to the district court. The district court has now requested clarification on certain issues regarding the transcript. On September 18, 2000, plaintiff's request for hearing was dismissed by the Administrative Law Judge (Exhibit 1). There is no indication that plaintiff filed a request for review of this dismissal. A new application was filed on October 31, 2002 which was denied by an Administrative Law Judge on April 5, 2005. On September 9, 2005, the Appeals Council denied review of the Administrative Law Judge's decision dated April 5, 2005. However, the date September 18, 2000 was a typographical error in the Appeals Council denial. The Council's denial referred to the unfavorable decision dated April 5, 2005.

Timlin Dec. at ¶ 5.  Defendant argues that the Court should ignore this typographical error and that the April 5, 2005 ALJ ruling became final after the Appeals Council denied review on September

9, 2005.

In response, Plaintiff argues that this Order of Dismissal is not contained in the administrative record and that there is no evidence that this Order was sent to Plaintiff. Plaintiff argues that Timlin does not have any personal knowledge that this notice was sent to Plaintiff. Although the ALJ stated in his ruling that Plaintiff's request for hearing regarding the CDR was dismissed on September 18, 2000, this issue was briefly discussed and not resolved at the hearing. Trans. 272. Furthermore, Plaintiff argues that as a Clerk, Timlin has no authority to clarify Appeals Council Orders and state what the Appeals Council meant to write.

The Court agrees with Plaintiff's argument that Timlin does not have authority to correct, amend, or clarify Orders from the Appeals Council. In making her Report and Recommendation, Magistrate Judge Mathy relied heavily on the fact that Plaintiff's request for a hearing was dismissed on September 18, 2000 and was not appealed. *See* Docket No. 11, Pg. 2, fn. 1 & fn. 2 (stating that "[P]laintiff's October 31, 2002 application for benefits is the only issue before the Court." and "the relevant period in this case is from October 4, 2002, the date [P]laintiff prospectively applied for SSI benefits, through April 5, 2002, the date of the ALJ's decision.") Judge Mathy was correct in stating that on September 9, 2005, the Appeals Council denied Plaintiff's request for review; however, that Order states that it related to Plaintiffs request for review of the ALJ's decision dated September 18, 2000, not the ALJ's decision dated April 5, 2005.

When the Appeals Council issued its Order, it is important to note that it was a denial of a request for review. Thus, there is no written opinion from the Appeals Council that discusses the substantive merits of the case. If the Appeals Council had issued a written opinion, then this Court probably could determine whether the Appeals Council was reviewing the April 5, 2005 ALJ Order

or the September 18, 2000 ALJ Order. However, on these facts, the Court will not speculate as to which ALJ Order the September 9, 2005 Appeals Council Order was reviewing because (1) the Order clearly stated that it addressed the September 18, 2000 ALJ Order and (2) no language contained in that Appeals Council Order suggests otherwise.

**B.    The Court's Remand Instructions.**

The Court hereby REMANDS this case to the Commissioner. The Commissioner is instructed to address and resolve the jurisdictional issues raised in this Order. Plaintiff requests that the Court remand this case "with a direction for further hearing by an Administrative Law Judge so that the record can be refreshed." Plaintiff believes that there is now significant additional medical and psychological evidence that will be available for such a hearing. Plaintiff fails to identify the nature of this new evidence in her briefs. This Court may remand a case to the Commissioner upon showing that new material evidence exists and that good cause exists for failure to incorporate such evidence into the record in the prior ALJ hearing. *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). However, since this Court does not have jurisdiction over this case, a remand order with instructions for the Commissioner to consider additional evidence would be inappropriate. Therefore, on remand, the Commissioner has discretion to determine whether additional evidence and arguments will be heard on non-jurisdictional issues relating to the denial of benefits. The Clerk is instructed to close this case.

SIGNED this 23rd day of October, 2006.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE